IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

Roger Thomas Langford pro se

Plaintiff

vs.

Civil Action No. 4-11-CV-24 (CDL)

the United States

Defendant

## COMPLAINT

Now comes the above plaintiff and shows the Court the following:

-1-

## Plaintiff

1. Roger Thomas Langford pro se

   15589 Georgia Highway 315

   Ellerslie, Georgia    31807-5104

## Defendant

2. the United States

## Jurisdictional Statement

3. On 30 March 2009 the plaintiff filed an administrative claim under the authority of the Federal Tort Claims Act with the Department

of Veterans Affairs Regional Counsel in Montgomery, Alabama alleging that negligence by personnel of the Central Alabama Veterans Health Care System caused the deformation of his left hand. The claim was denied by the Department of Veterans Affairs Regional Counsel in Jackson, Mississippi on 31 July 2009. The plaintiff filed a request for reconsideration of the claim with the Department of Veterans Affairs Office of General Counsel in Washington, DC on 27 January 2010. The Office of General Counsel denied the

request for reconsideration on 6 September 2010. The plaintiff has satisfied the administrative claim requirement of the Federal Tort Claims Act. Therefore, any United States District Court which is of appropriate venue has jurisdiction over this complaint under the authority of the Federal Tort Claims Act.

## Venue Statement

4. The plaintiff resides in Harris County, Georgia, which is included in the Columbus Division of the United States District Court of the Middle District of Georgia.

Therefore, the Columbus Division of the United States District Court of the Middle District of Georgia is of appropriate venue for this complaint.

## Facts

5. The plaintiff's medical record from the Montgomery, Alabama Veterans Affairs Medical Center, hereafter referred to simply as the plaintiff's medical record, indicates that on 7 November 2006 the plaintiff was diagnosed as having Dupuytren's Contracture in both hands by Dr. David E. Lipton, an orthopedic surgeon at the Montgomery, Alabama Veterans

-5-

Affairs Medical Center.

6. The plaintiff's medical record indicates that Dr. Lipton performed a partial palmar fasciectomy on the plaintiff's left hand on 22 November 2006.

7. The plaintiff's medical record indicates that the plaintiff was released from Dr. Lipton's care at a post-surgical appointment on 19 December 2006.

8. The plaintiff's medical record indicates that on 20 December 2006 Ms. Ruth M. Anglin scheduled a rehabilitative medicine appointment for 29 March 2007 at 10:30 AM at the Tuskegee, Alabama

Veterans Affairs Medical Center for the plaintiff.

9. The plaintiff's medical record indicates that on 21 March 2007 Dr. David E. Lipton scheduled an occupational therapy appointment for 30 March 2007 at 9:00 AM at the Tuskegee, Alabama Veteran Affairs Medical Center for the plaintiff.

10. The plaintiff's medical record indicates that the plaintiff attended his initial occupational therapy session during the late morning of 29 March 2007 at the Tuskegee, Alabama Veterans Affairs

Medical Center, with Ms. Janice I. Watts being his occupational therapist. Ms. Watts noted that it had been about four months since the plaintiff's surgery. Ms. Watts stated that was much too long of a period of time between surgery and the beginning of therapy. Ms. Watts further stated that because of the long lapse of time between surgery and therapy that therapy would probably be ineffective and that therapy should have been scheduled much sooner. It was upon hearing these statements by Ms. Watts in the occupational therapy

clinic at the Tuskegee, Alabama Veterans Affairs Medical Center on 29 March 2007 that the plaintiff first became aware that a wrong or wrongs may have been committed during the course of the Department of Veterans Affairs medical treatment of his left hand. Ms. Watts' statements can be substantiated by deposition of or testimony by Ms. Watts.

## Claims

11. The plaintiff claims that Ms. Ruth M. Anglin and Dr. David E. Lipton were negligent in not scheduling an initial

occupational therapy appointment for the plaintiff for a date much closer to the plaintiff's release from Dr. Lipton's care on 19 December 2006 than the appointments that the plaintiff's medical record indicates that they did schedule for 29 March 2007 and 30 March 2007, respectively. The plaintiff further claims that the failure to schedule an initial occupational therapy appointment much closer to his release from Dr. Lipton's care on 19 December 2006 caused an untimely delay in the beginning of his occupational therapy which, in turn, resulted in the permanent deformation of his left hand.

## Prayer for Relief

12. The plaintiff asks the Court for relief in the form of a judgement of five-hundred thousand dollars ($500,000.00) against the defendant.

Roger Thomas Langford  pro se  4 March 2011

15589 Georgia Highway 315

Ellerslie, Georgia  31807-5104

(706) 569-5857